# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-0776V

| | |
|---|---|
| JAMES TYREE,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 29, 2024 |

*Jessi Carin Huff, Maglio Christopher & Toale, PA, Seattle, WA,* for Petitioner.

*Bridget Corridon, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 18, 2022, James Tyree filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome resulting from an influenza vaccine he received on October 3, 2020. Petition, ECF No. 1. On November 3, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $102,295.63 (representing $98,286.50 in fees plus $4,009.13 in costs). Application for Fees and Costs ("Motion") filed March 4, 2024, ECF No. 42. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 42-4.

Respondent reacted to the motion on March 5, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 43. Petitioner filed a reply reiterating the request for fees and costs as indicated in the Motion. ECF No. 44.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for the attorneys and paralegals who performed work in this matter through the end of 2023 are consistent with our prior determinations and will therefore be awarded herein. Petitioner has also requested the hourly rate of $460 for 2024 work performed by attorney Jessi Huff, representing a rate increase of $35 from the previous year. ECF No. 42-2 at 46. I find this request reasonable and award it herein.

However, the *magnitude* of the fees sought in this matter is somewhat high in comparison to SPU cases generally. Because Petitioner succeeded in this matter, his entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* The specific circumstances of this case, and the severe nature of the injury at issue, may explain why the fees requested are larger than usual. And the total amount received by Petitioner was significant as well – this is not a matter in which there is a disparity between the claimant's award and fees to be paid.[3] But it remains the case that the sum requested seems excessive for a matter that was resolved within two years, and without a trial.

   A. *Excessive Billing*

A significant factor contributing to the high cost of fees in this case appears to be excessive billing. Special masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Hum. Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Hum. Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

The billing records establish that six attorneys and fifteen paralegals worked on this matter (billing at hourly rates ranging from $155 - $525). ECF No. 42-2 at 46-47. Special masters have previously noted the inefficiencies that result when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella,* 86 Fed. Cl. at 209. Specifically, the Maglio Christopher and Toale Law Firm (which represented Petitioner herein) has been previously advised of such inefficient billing practices and

---

[3] Petitioner received in total $200,000.00 (ECF No. 38 at 2) – so a fees request for half that amount is not shocking to the conscience *per se.* But it still remains large when viewed in the context of the case's life, as well as in comparison to other SPU matters.

3

received a curtailed award accordingly. *See,* e.g., *Panella* v. *Sec'y of Health & Hum. Servs.,* No. 21-1748V, Slip Op. 45 (Fed. Cl. Spec. Mstr. Feb. 29, 2024).

Additionally, the paralegals that worked on this matter billed a combined total of 204.80 hours to this case (at hourly rates ranging from $155 - $190). *Id.* at 46-47. The majority of this work consisted of excessive time spent researching the processing procedures to request various medical records; drafting requests for medical records; multiple paralegals communicating with medical facilities, analyzing, or organizing the same medical records, and multiple individuals participating in inter-office communications, suggesting some degree of unnecessary overlap/inefficiency compounding the excessive billing associated with these tasks. Attorneys' fees are awarded only for the "number of hours *reasonably* expended on the litigation." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008) (emphasis added), (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. I thus account for the foregoing by reducing the total fees to be awarded herein by *ten percent* as a fair adjustment to account for the billing inefficiencies. **This results in an overall reduction in the amount of fees to be awarded of $9,828.65.**[4] It is incumbent upon counsel to avoid incurring fees of this size to avoid a curtailed award in the future.

Petitioner has otherwise provided sufficient supporting documentation for all claimed costs. ECF No. 42-3 at 4-91. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$92,466.98 (representing $88,457.85 in fees plus $4,009.13 in costs) as a lump sum in the form of a check**

---

[4] This amount is calculated as: ($98,286.50 x 0.10 = $9,828.65).

4

**jointly payable to Petitioner and Petitioner's counsel, Maglio Christopher and Toale Law. Per Petitioner's request, the check is to be forwarded to: 1515 Ringling Blvd., Suite 700, Sarasota, FL 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.